UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| DON KARL JURAVIN, | Case No. 6:18-bk-06821-LVV |
| Debtor. | Case No. 6:20-bk-01801-LVV |
| _____/ | |
| DON KARL JURAVIN, | *Jointly Administered with* |
| Case No. 6:18-bk-06821-KSJ | Case No. 6:18-bk-06821-LVV |
| Applicable Debtor. | |
| _____/ | |
| DENNIS D. KENNEDY, as CHAPTER 7 TRUSTEE | |
| OF THE ESTATE OF MUST CURE OBESITY, CO., | Adv. Pro. No. 6:22-ap-00015-LVV |
| Plaintiff, | |
| v. | |
| SHAY ZUCKERMAN, ZUCKERMAN & CO., | |
| a/k/a SHAY ZUCKERMAN & CO. | |
| a/k/a SHAY ZUCKERMAN & CO. LAW FIRM, | |
| NOAM BEN-ZVI, and NOAM BEN-ZVI LAW FIRM, | |
| Defendants. | |
| _____/ | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO THE VERIFIED MOTIONS TO DISMISS FILED BY THE
ZUCKERMAN DEFENDANTS [Doc. 8] AND THE BEN ZVI DEFENDANTS [Doc. 9]**

DENNIS D. KENNEDY, AS CHAPTER 7 TRUSTEE (*Plaintiff* or *Trustee*) OF THE

ESTATE OF MUST CURE OBESITY, CO., (*MCO*) by and through his undersigned counsel,

responds in opposition to the Verified Motions to Dismiss filed by the Zuckerman Defendants

(Doc. 8) and the Ben Zvi Defendants (Doc. 9) as follows[1]:

_____

[1] Preliminary Note:  The Trustee includes an Appendix of documents referenced in this
Response, compiled chronologically for ease of use.  For this reason, Appendix citations are not
made within the Response.

1.      Defendants' verifications are only as to their respective Section III, "*Additional Facts Included in this Verified Motion*," the purpose of which is to show a lack of minimum contacts to establish jurisdiction.  All Defendants assert that they never represented MCO, did not file claims in the MCO bankruptcy case, and are not seeking recovery. Doc. 8:20, 21; Doc 9:17, 18).  See:  Table 1 below compaing these allegations.[2]

2.      Mr. Ben Zvi is a sole practitioner whose titular law firm is not incorporated.  Doc. 9:12. Mr. Ben Zvi states that he, "*is not holding any funds in trust for the Debtor, Juravin, the*

---

[2] Table1:  Comparison of Defendants' Section III Verified Statements (*Additional Facts Included in this Verified Motion*) in their Respective Motions to Dismiss

| ZUCKERMAN DEFENDANTS MOTION (DOC. NO. 8) PARAGRAPH | BEN-ZVI DEFENDANTS MOTION (DOC. NO. 9) PARAGRAPH |
|---|---|
| 18. Mr. Zuckerman has known Don Juravin since approximately the year 2000 when the Debtor resided in Israel. Mr. Zuckerman and the Debtor are also personal friends | 15. Ben Zvi has known Don Juravin since approximately the year 2010. |
| 19. Mr. Zuckerman and the Zuckerman Law Firm provided legal services to Juravin, and entities owned by Juravin until Juravin moved to the United States in approximately 2010. | 16. Ben Zvi represented Juravin both as an associate at the Zuckerman Law Firm and at his own law practice. Ben Zvi has not represented Juravin in any matters since 2019. |
| 20. Zuckerman defendants have never represented the Debtor | 17. Ben Zvi has never represented the Debtor. |
| 21. Zuckerman defendants did not file a proof of claim in the Debtor's bankruptcy case and are not seeking any recovery from the estate. | 18. Ben Zvi did not file a proof of claim in the Debtor's bankruptcy case and is not seeking any recovery from the estate. |
| 22. The Zuckerman Law Firm is not holding any funds in trust for the Debtor, Juravin, the Juravin Entities, or any other entity owned or controlled by the Debtor. | 19. Ben Zvi is not holding any funds in trust for the Debtor, Juravin, the Juravin Entities, or any other entity owned or controlled by the Debtor **for the purpose of returning funds at the conclusion of the bankruptcy case.** Emphasis added. |
| 23. The Zuckerman Law Firm has no record of receiving $35,000, $23,000 from the Debtor on June 26, 2017. | 20. Ben Zvi has no record of receiving $76,886.63 from the Debtor in the 4 years preceding the Debtor's bankruptcy filing. |

*Juravin Entities, or any other entity owned or controlled by the Debtor **for the purpose of returning funds at the conclusion of the bankruptcy case**.*" Doc. 9:19.  Emphasis added.

3.    <u>Inference</u>.  Shay Zuckerman does not make this claim.  Instead, Zuckerman verifies only that his law firm, "*is not holding any funds in trust for the Debtor, Juravin, the Juravin Entities, or any other entity owned or controlled by the Debtor*."  <u>See</u>, Table 1.  Neither Shay Zuckerman nor his law firm verify that they are not holding Debtor funds for the purpose of returning them at the end of the bankruptcy case.  Consequently, the Trustee may infer that:  The Zuckerman Defendants are holding funds that are not in a trust account for the purpose of returning them after the bankruptcy case is closed, and the Ben Zvi Defendants are holding money in trust for other purposes.

4.    The Zuckerman Firm and Ben-Zvi Defendants filed proofs of claims in the bankruptcy case and submitted creditor ballots accepting the bankruptcy plan thereby voluntarily submitted to jurisdiction.  The fact that the Zuckerman Law Firm withdrew its $172,000 claim (Doc. 690) does not eviscerate jurisdiction once it is established.  Further, while Shay Zuckerman individually did not file a proof of claim, the court's jurisdiction is established based on a myriad of factors not the least of which is Zuckerman's consent to jurisdiction in Orange County Florida in the 12/28/2017 Pre-Petition Note with MCO.  The Note is criminally usurious.

5.    <u>All Defendants filed motions to extend the time to object to Trustee's sale of assets.</u>  Zuckerman asserts that the law firm's withdrawn claim was made in error.  *Transcript of the 5/11/2022 Deposition of Shay Zuckerman*[3] at 31:11-22.  This is controverted by record evidence

---

[3] References to the Transcript of the Trustee's 5/11/2022 Deposition of Shay Zuckerman are indicated by the letter **T** followed by the page:line numbers. The transcript was filed of record in 21-ap-00143 and will be filed in this case as well.

and is patently false.  For example, like the Ben-Zvi defendants, Zuckerman *and* his Firm each

filed a *Motion to Extend Time to File an Objection to Trustee's Motion to Approve Sale of Assets*

(Doc. Nos. 353, 357, 358, 359)[4].  Zuckerman testified that he regularly assisted Juravin with his

bankruptcy 38:15-18 (T:38:15-18), and was doing it to help his friend because "the trustee is

plotting against him," T:36:23-37:18.  Zuckerman was therefore actively engaged in and

supposedly funding Juravin's U.S. endeavors.  Assertions that his filings were unauthorized or

mistaken fail under scrutiny.

      6.    <u>This Court recognizes MCO as a Juravin Alter Ego</u>.  Defendants' claims that they

have no meaningful contact with MCO does not shield them from the reach of this Court.  The

District Court found that MCO was used by Juravin as an **alter ego**.  **This prior adjudication that**

**means that a transfer of MCO's interest becomes for all intents and purposes a transfer of**

**Juravin's interest and vice versa**.  <u>See</u>, *FTC Amended Motion for Summary* Judgment, Doc. 210

at 33-36 in the genesis action *FTC v. Roca Labs Inc., et al*, case 8:15-cv-02231-MSS-TBM[5],

including MCO as one of Juravin's many alter ego entities: "*Juravin also incorporated MCO, and*

*is its sole owner and officer. He controls MCO's bank and credit card accounts. For all five*

*corporate entities, Juravin liberally transferred funds back and forth between them, transferred*

*substantial sums to himself, and often paid his personal expenses from the corporate accounts*."

*Id*. at p. 36.  Citations to evidentiary exhibits omitted.

---

[4] Ben-Zvi defendants filed on 6/22/2020 (Doc. Nos. 357, 359).  Shay Zuckerman filed on 6/18/2020 (Doc. No. 353).  The Zuckerman law firm filed on 6/22/2020 (Doc. No. 358).

[5] The Court granted the Amended Motion for Summary Judgment on September 14, 2018, stating its conclusions as to the Defendants' liability, and its findings based on the evidence submitted by the FTC.

7.     Consequently, lack of formal representation of MCO has no bearing on the jurisdictional aspect of the Trustee's investigation of the transfers made.  The Trustee does not expect a straight line here, and the law is a reflection of that.

8.     Notwithstanding Defendants' protestations to the contrary, the Trustee has discovered evidence withheld by Juravin and the Defendants giving the Court additional factors justifying personal jurisdiction,  such as:

a.   Zuckerman keeps a U.S. visa.  See, 5/11/2022  Deposition Transcript at 8:22-25

b.   Zuckerman's dealings with Juravin regarding loans:  Pre-Petition – one signed Note for $172,000 and one unsigned Note for $180,000; Post-Petition one signed Note for $150,000.

c.   Zuckerman consents to jurisdiction in Orange County Florida in the Juravin-MCO $180,000 Promissory Note dated December 28, 2017

d.   Ben-Zvi and Zuckerman, individually and obo their law firms, agree to Juravin's proposed joint representation of insider creditors for the bankruptcy litigation based on the fact that:
   **You and your businesses are creditors of mine and of MCO**. Karan has a security interest, Shay has a promissory note and Noam has a nonsecured claim. Karan told me that he would like to minimize frictions and attorney fees and therefore asked me to approach you with the following proposal which will also save you on attorney fees. Provided you agree, attorney Mike Nordella [sic] will represent of [sic] **5-6 of you**. 1. Karan & NV (Natural Vitamins) will receive 88% of the proceeds  2. Shay & Zuckerman Law will receive 8%  3. Noam and Ben Zvi Law will receive 4%  4. Attorney fees will be paid by Karan  Please reply to this email stating "AGREED" which will denote that you personally, **as well as the company you are authorized to represent**, agree to the four terms.
   Don Juravin

Emphasis added.  **All Defendants responded, "I agree."**  Juravin insider and creditor Karan Arora, principal of Natural Vitamins Laboratory Corp. (NVLC) ultimately wanted his own counsel (he is represented by the Nardella firm).

e.   Zuckerman's email agreements on:
   November 17, 2020 to make monthly payments for Juravin's personal legal bills; payment directly to Juravin's U.S. 'legal team',  $5,000 to $10,000 monthly, no more than $15,000., and in return Juravin will repay Zuckerman $200,000— in a promissory note.

November 22, 2020 to agree to the above, but the repayment amount is increased to $250,000 and secured by UCC ; request for Zuckerman to pay $10,000 to attorneys at the Florida Rights Law Firm by November 28, 2020, and on December 22, 2020 Zuckerman agrees to transfer $7,000 by 12/30/2022 to the same account. The Law Firm is located in St. Petersburg, FL and the funds were wired to the its Bank of America business account via one of its Manhattan branches.

Amber Robinson, Esq. is affiliated with this firm and represented MCO in its main case.

f.   Zuckerman and his firm continued providing legal services to Juravin and his related entities after 2010— in direct contravention to his Motion's verified statement.  See, e.g. the 2014 letter from Mr. Zuckerman on Firm letterhead, making a demand on behalf of Roca Labs against a U.S. citizen and resident of the greater Tampa Bay area. The letter is written in English, and cuts against the purported candor of Mr. Zuckerman's verified facts.

g.  Zuckerman's May 4, 2021 letter responding to Trustee's Rule 2004 subpoena falsely states that he, "never heard the names Karen [sic] Arora ...prior to your message....," and remarkably, "While I know Mr. Ben Zvi, to the best of my recollection I had no correspondence with him whatsoever regrading [sic] Mr. Juravin."
Email, for example, constitutes correspondence as defined by the Subpoena Documents.

h.  Ben-Zvi also continued representing Juravin Post-Petition in direct contravention to his Motion's verified statement. For example, he prepared a "Warning Letter" dated October 20, 2020 to a U.S. resident named Mr. Shorkend.  The letter is on Ben-Zvi Firm letterhead and is written on behalf of an as yet unnamed Juravin company, explaining that "*During a conversation with  the company representative, Don Jurvin, you have been asked to provide explanations for your refusal to sign the NDA…. The company…intends to file a lawsuit in state of Florida at the United States, and seek its execution, based on the Hague Convention.  If you have a local layer in the United states, please provide his details, for the purpose of continuing the proceedings…. Attorney Noam Ben-Zvi   Israel*"

i.  The Defendants continue holding money for Juravin/Alter Ego Entities

j.  Defendants' emails concerning documents filed in the bankruptcy, including ballots and testimony about money owed to the respective Defendants

9.      The Defendants still, today, refuse to comply with this Court's Order (Doc 567) in

the bankruptcy granting Trustee's Motion to Compel.  Yet, they ask this Court to rely on his

incomplete, inconsistent, demonstrably inaccurate verified facts instead of those made by the Trustee in the Complaint, and otherwise proved out by the main bankruptcy case record.

10.     The allegations made in the Complaint and the record activity docketed in the main case demonstrate, on their face, that the Defendants submitted to the jurisdiction of this Court the Motion to dismiss should be denied.

## MEMORANDUM OF LAW

Standard of Review.  The Trustee's allegations must be accepted as true and construed in the light most favorable to him.  *Mirabilis Ventures, Inc. v. Buchanan, Ingersoll & Rooney, P.L. (In re Mirabilis Ventures, Inc.*), nos. 6:08-bk-04327-KSJ, 6:08-ap-227, 2009 (Bankr. M.D. Fla. Aug. 12, 2009; Bankr. LEXIS 2272, at *1-2) (Memorandum Opinion by Judge Jennemann denying Defendants' Motion to Dismiss an adversary proceeding contending in part that complaint failed to state a claim under *Rule 12(b)(6)*.  Citations omitted.   Defendants must show that it appears beyond doubt that the Trustee cannot prove any set of facts in support of his claim that would entitle him to relief.  *Id*. (citing *Financial Security Assur., Inc. v. Stephens, Inc*., 450 F.3d 1257, 1262 (11th Cir. 2006). Secondary citations omitted.      "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, exceedingly low." *Id*.  Quotations, secondary and tertiary citations omitted.

This Court has Personal Jurisdiction over the Defendants.  Defendants argue lack of personal jurisdiction, generally and specifically, as the primary basis for dismissal.  Evaluating jurisdiction through the standard analytical construct is unnecessary.

The Defendants voluntarily submitted to the personal jurisdiction of this Court by filing their claims in the Juravin bankruptcy case.  The prior adjudication that MCO is an alter ego of

Juravin means that a transfer of MCO's interest becomes for all intents and purposes a transfer of Juravin's interest and vice versa. <u>Cf</u>., *Pivot Point Partners, LLC v. Schoenmann (In re WB Coyle)*, Case No.: 15-cv-04126-YGR, 2016 U.S. Dist. LEXIS 137211 at *11-12; 2016 WL 5673247 (N.D. Cal. October 3, 2016) (In the context of Ch. 7 Trustee's underlying request for preliminary injunction, one of the bases for which was alleged fraudulent transfer under § 548(a)(1)(A) of the Bankruptcy Code.)

Again, Zuckerman agreed to jurisdiction in Orange County in the Promissory Note filed in his proof of claim. Then, on May 9, 2022, in the early morning hours before he was to be deposed, Mr. Zuckerman withdrew his claim #12, based on a $ 172,000. Promissory Note. Doc. No. 690. This, "belated withdrawal of the claims [is] irrelevant," in determining jurisdiction. *Musselman v. Jasgur (In re Seminole Walls & Ceilings Corp.)*, 336 B.R. 539, 543 (Bankr. M.D. Fla.2006). Zuckerman simply cannot file a claim, then try to escape the Court's jurisdiction by withdrawing it. *Id*.

This Court's exercise of jurisdiction over Defendants does not violate the traditional notions of fair play and substantial justice implicit in due process [6].

<u>The Complaint provides fair notice of Plaintiff's claims. It is not a shotgun pleading and the allegations are well-pled.</u> Inferential allegations are suitable for notice pleading under the Federal Rules. "[W]hile notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a

---

[6] <u>See</u>, *Welt v. Bumshteyn (In re Bumshteyn)*, Ch. 7 Case No. 18-23930-PDR, Adv. No. 21-01069-PDR, 2022 WL 126612, 2022 Bankr. LEXIS 90 * at *7 (Bankr. M.D. Fla. Jan. 12, 2022) for a primer on, "*Traditional Notions of Fair Play & Substantial Justice*."

complaint **contain either direct or inferential allegations** respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Musselman v. Cameron (In re Cameron*), 359 B.R. 818, 820-821 (Bankr. M.D. Fla. Nov. 27, 2010) (Memorandum Opinion by Judge Jennemann citing the same *Mirabilis* passage in its entirety).  Quotations, secondary and tertiary citations omitted.  Emphasis added.  fair notice of its claims, and the defendants can frame a response to the amended complaint, as filed.

The Complaint sets out the nature and history of the claims, in separate counts that are delineated in separate sections and numbered paragraphs.  The elements of each claim are stated, "clearly and concisely" where each element is supported by "with adequate factual allegations." *Mirabilis* at *5-7.  Judge Jennemann held in *Mirabilis* that the shotgun complaint brought for dismissal gave the defendants, "fair notice" of the alleged claims allowing them to frame a response, setting out the pleading requirements demanded by the Rules:

> *Rule 8(a) of the Federal Rules of Civil Procedure* requires a short and plain statement to set forth a claim and give defendants fair notice to adequately respond. The "failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading" is a "shotgun pleading" which places an unfair burden on defendants.  *Rule 10(b) of the Federal Rules of Civil Procedure* articulates the minimum pleading requirements a plaintiff must meet and provides:
>
>> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial-- must be stated in a separate count or defense.
>
> *FED. R. CIV. P. 10(b)*.  "If [a pleading is] properly drawn, [it] will present each claim for relief in a separate count as required by *Rule 10(b)* and with such clarity and precision that the defendant will be able . . . to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)*. Pleadings that conform to the provisions of *Rule 10(b)* and are

sufficiently clear and concise to enable defendants to frame a response are not "shotgun pleadings" and provide fair notice. Id.

*Mirabilis* at *5-7.

That the Defendants argue a lack of specificity as to the transfers and the fraud alleged is purely a result of the lack of transparency by Mr. Juravin and these Defendants.  Further, our bankruptcy laws do not hamstring a trustee's ability to recover property from subsequent transferees simply because they have no direct relationship to the debtor.  <u>Cf.</u>, *In re Picard*, 917 F.3d 85, 105 (2d Cir. 2019); *Picard v. Citibank, N.A. (In re Bernard L. Madoff Inv. Sec. LLC)*, 12 F.4th 171, 199 (U.S. 2d Cir. 2021) citing *Nat'l Commc'ns Ass'n Inc. v. AT&T Corp.*, 238 F.3d 124, 130-31 (2d Cir. 2001) ('"all else being equal, the burden [of proving an issue] is better placed on the party with easier access to relevant information" and that "courts should avoid requiring a party to shoulder the more difficult task of proving a negative"'); *Mediaset Espana Comunicacion, S.A. v. Romay*, No. 22-21229-Civ 2022; 2022 WL 1643835; U.S. Dist. LEXIS 93233 at *8-9 (S.D. Fla. May 23, 2022) (reasoning "When it comes to foreign fraudulent transfers, there may be tension between exercising personal jurisdiction over foreign defendants and the purposes of 11 U.S.C. § 550. Section 550(a) permits a trustee to recover fraudulently conveyed property for the benefit of the estate, and **this authority would be frustrated if a fraudster could render the property "recovery-proof" by merely transferring it overseas.** (Emphasis added, citations and quotations omitted).

## CONCLUSION

The Defendants' Motions to Dismiss should be denied.

Dated:  <u>June 09, 2022</u>.          Respectfully submitted,

/s/<i>JAMES D. RYAN</i>
JAMES D. RYAN, ESQ.
FLORIDA BAR NO. 0976751
MOBILE: (561)889-1001
JDR@RYANLAWGROUP.NET
LAUREN@RYANLAWGROUP.NET
**RYAN LAW GROUP, PLLC**
636 U.S. HIGHWAY ONE, SUITE 110
NORTH PALM BEACH, FL 33408
MAIN: (561) 881-4447  FAX: (561) 881-4461
<i>SPECIAL COUNSEL TO DENNIS D. KENNEDY, TRUSTEE</i>

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on **June 09, 2022**, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was served by CM/ECF to **Michael S. Hoffman, Esq**., mshoffman@hlalaw.com, Hoffman, Larin & Agnetti, P.A., 909 North Miami Beach Blvd., Suite 201, North Miami, FL 33162, and to all parties registered to receive electronic notice.

/s/<i>JAMES D. RYAN</i>
JAMES D. RYAN, ESQ.